IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| | § | No. 4:18-CR-230-O |
| v. | § § § | |
| DENISE CROS-TOURE, and MOHAMED TOURE | § § | |

**DEFENDANTS' JOINT MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, DENISE CROS-TOURE and MOHAMED TOURE, file these Motions in Limine. Before the voir dire examination of the jury panel has begun, before opening statements, and before the introduction of any evidence, Defendants respectfully move the Court to instruct the Government, their lawyers and witnesses to refrain from making any mention through interrogation, voir dire examination, opening statement, argument or otherwise, either directly or indirectly, concerning any of the matters stated herein, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case, with regard to the following:

1. **No mention or reference to the socio-economic statuses or political affiliations of Denise Cros-Toure or Mohamed Toure.**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rules 401, and 403 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney and Department of Justice Attorneys to approach the bench before attempting to

1

introduce statements or alluding to the social status or political affiliations of Denise Cros-Toure and Mohamed Toure. The Toure family has a unique but divisive tie to the country of Guinea, given that Mohamed Toure's father (Ahmed Sekou Toure) was once the nations president. The Toure's affiliation with the Toure political regime and their political actions make no fact at issue more or less likely. Rule 401, *Fed. R. Ev*. Moreover, any reference to perceived power or socioeconomic benefits derived from the Toure's political affiliations are highly prejudicial, as they will be used to falsely portray the Toure family as African elitists or privileged. Rule 403, *Fed. R. Ev*. The probative value of this area is extremely low, particularly given that the Toures are not accused of applying political pressures to any person or persons in this matter.

GRANTED: _____   DENIED: _____

2. **No mention or reference to slavery, trafficking, or the illegal slave trade.**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rules 401, and 403 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney to approach the bench before referencing or alluding to slavery, the illegal slave trade, or the practice of human trafficking. The United States has accused each Defendant with conspiring to, and actually committing the crimes of Forced Labor and Alien Harboring. As such, Denise Cros-Toure an Mohamed Toure are not charged with illegally trafficking or smuggling illegal aliens across the United States boarder, an independent offense. Proof of trafficking or moving Jane Doe is not relevant to proving the crimes charged and makes no fact at issue more or less likely. 401, *Fed. R. Ev*. Moreover, the

references to slavery and the illegal slave trade will only improperly inflame the passions and prejudices of the jury, as there are no allegations or proof that the Toures were participants in illegal slave trading activities. Rule 403, *Fed. R. Ev.*

      GRANTED: _____  DENIED: _____

3. **No mention or reference to Jane Doe's non-enrollment in a public or private educational institution.**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rule 401 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney to approach the bench before referencing or alluding to Jane Doe's non-enrollment in public or private educational institutions. Neither the Forced Labor nor the Harboring statute require proof of a defendant's intent or failure to provide an alien with education. As such, any evidence showing that Jane Doe was not enrolled in a United States school has no bearing on a jury's ultimate determination in this matter. 401, *Fed. R. Ev.*

      GRANTED: _____  DENIED: _____

4. **No mention or reference to alleged bad acts committed by other non-permanent members of the Toure household, including Leon Doumbouya and Marcel Cros.**

a. <u>Leon Doumbouya.</u>

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rules 401, and 403 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States

Attorney to approach the bench before referencing or alluding to alleged bad acts committed by Leon Doumbouya, Denise Cros-Toure's uncle. Redacted reports compiled by Government investigators suggest that Leon Doumbouya is alleged to have forced Jane Doe to preform sexual acts. Alleged criminal acts committed by someone outside the Toure's immediate family are not relevant to this case, particularly given that the government is not alleging that Denise Cros-Toure or Mohamed Toure used sexual abuse to coerce or control Jane Doe. 401, *Fed. R. Ev*. On the contrary, any references to these acts would likely cause a jury to hold the Toure's responsible for the acts of another party, improperly and unfairly prejudicing them in this matter. 403, *Fed. R. Ev.*; 404, *Fed R. Evid.*

  GRANTED: _____  DENIED: _____

b. **Marcel Cros.**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rules 401, 403 and 404 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney to approach the bench before referencing or alluding to alleged bad acts committed by Marcel Cros, Denise Cros-Toure's father. Redacted reports compiled by the Government investigators suggest that Marcel Cros is alleged to have sexually assaulted a servant worker in his own home in Guinea. There is no allegation that Marcel Cros sexually assaulted Jane Doe, or that the Toures should have been aware of Marcel Cros' actions in regards to a third party. Allegations of sexual misconduct on the part of Marcel Cros, who is now deceased, make no matter here more or less likely. 401, *Fed. R. Ev*. References to these alleged acts would have little probative value, given that the

government is not alleging that Denise Cros-Toure and Mohamed Toure used sexual abuse to pressure or control Jane Doe. On the contrary, any references to these alleged acts would have the highly prejudicial effect of likely causing jurors to hold the Toures' responsible for the acts of uncharged parties. 403 and 404, *Fed. R. Ev*id.

    GRANTED: _____    DENIED: _____

5. **No mention or reference that Jane Doe's was denied medical access.**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rules 401, and 403 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney to approach the bench before mentioning or alluding to Jane Doe's limited medical history. Showing that the alleged complainant was denied access to medical care is not a necessary element for proving any of the counts outlined in the Governments indictment. As such, references to Jane Doe's medical history does not make any fact at issue in his case more or less likely. 401, *Fed. R. Ev*. Additionally, evidence compiled by the Government indicates that, when Jane Doe needed medical assistance, such assistance was made available to her. For this reason, referencing Jane Doe's limited medical history and suggesting that she was denied access to medical care is misleading and not true. The granting of this request is to prevent the jury from mistakingly believing that Jane Doe was denied access to medical care when it was in need of medical care, causing the jury to be unduly and improperly prejudiced against the Defendants. 403, *Fed. R. Ev*.

    GRANTED: _____    DENIED: _____

6. **<u>No mention or reference to any future or long-term psychological effects of alien harboring or forced labor, or testimony regarding how harboring or forced labor generally affects an individual's mental state.</u>**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, and Rule 403 of the Federal Rules of Evidence, Denise Cros-Toure and Mohamed Toure respectfully moves the Court for an order requiring the Assistant United States Attorney to approach the bench before mentioning or referencing the future or long-term psychological effects of alien harboring or forced labor, or how harboring or forced labor generally affects an individual's mental state. This is a very particularized case, involving an alleged individual who was allowed significant access to the outside world. Evidence collected by the Government shows that Jane Doe had access to social groups outside the Toure household. Moreover, publicly accessible evidence demonstrates that Jane Doe was particularly active on social media, having access to electronic communication devices. For these reasons, Jane Doe is particularly distinct from those individuals that are generally the subject of forced labor and harboring activities. Discussing the long-term or the general psychological effects of harboring or forced labor would be significantly misleading and unduly prejudicial in this case. 403, *Fed. R. Ev*.

GRANTED: _____   DENIED: _____

Signed this _____ day of _____, 2018.

_____
HONORABLE UNITED STATES
DISTRICT JUDGE REED O'CONNOR

6

Respectfully submitted,

**SCOTT H. PALMER, P.C.**

/s/ Scott H. Palmer
SCOTT H. PALMER
Texas Bar No. 00797196
scott@scottpalmerlaw.com

15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone:   214.987.4100
Facsimile:    214.922.9900

**ATTORNEY FOR DEFENDANT
DENISE CROS-TOURE**

**BRADY THOMAS WYATT, III**

/s/ Brady Thomas Wyatt, III
Texas Bar No. 24008313
attywyatt@hotmail.com

3300 Oak Lawn, Suite 600
Dallas, Texas 75219
Telephone : 214-559-9115
Facsimile : 214-528-6601

**ATTORNEY FOR DEFENDANT
MOHAMED TOURE**

## CERTIFICATE OF SERVICE

We hereby certify that on October 1, 2018, this motion was filed and served on all parties of record via the Court's ECF filing system.

/s/ Scott H. Palmer
SCOTT H. PALMER

/s/ Brady T. Wyatt, III
BRADY THOMAS WYATT, III

**CERTIFICATE OF CONFERENCE**

  We hereby certify that on October 1, 2018, both undersigned spoke with DOJ Attorney William Nolan about the above motions in limine. Mr. Nolan indicated at the time he is opposed to each topic, therefore this motion is being filed for the Court's consideration.

            /s/ Scott H. Palmer
            SCOTT H. PALMER

            /s/ Brady T. Wyatt, III
            BRADY THOMAS WYATT, III