**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:18-CR-230-O** |
| | § | |
| **DENISE CROS-TOURE,** | § | |
| **MOHAMED TOURE** | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' JOINT RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE
TO ADMIT OUT-OF-COURT STATEMENTS**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE REED C. O'CONNOR**

**Government's Issue**:  The government seeks to admit broad categories of evidence under rules 803(3) (then-existing state of mind), 803(2) (excited utterance), and 801(d)(1)(B) (prior consistent statement) without ever identifying the specific evidence.

**Defendants' Response**:  The government has not provided this Court or the defendants with the specific statements that the government seeks to admit under these hearsay exceptions.  These exceptions can only be applied to specific statements and not to broad categories of "evidence."  Therefore, because the government has not identified the specific "evidence" or statements that it wishes to admit under these exceptions, the government has not carried its burden and this Court should deny the motion.

1. **Introduction**

    The government seeks to admit unknown statements and other "evidence" under three hearsay exceptions (See Doc. 37): 803(3) (then-existing state of mind), 803(2) (excited utterance), and 801(d)(1)(B) (prior consistent statement). The government has not, however, specifically identified the statements or evidence that it wishes to admit. Rather the government asks this Court to admit broad categories of acknowledged hearsay evidence.  The government's approach is inappropriate and untenable.

The proper way for the government to resolve this issue is for the government to offer specific statements or specific evidence in an amended motion in limine and to explain why that specific statement or that evidence is admissible under one of these three rules.  Then, if the government believes that it needs to admit evidence not included in the motion in limine, the government can do so at trial, counsel for defendants can object, the government can respond, and this Court can consider the objection and the evidence and issue a proper ruling.

## 2.      Rule 803(3)

The government first seeks to admit an unknown amount of acknowledged hearsay evidence under the Rule 803(3) exception.

On page three of its motion, the government provides part of Rule 803(3); the government did not include the "built in" limitation / exception to the rule.  Rule 803(3), in full, provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . .
>
> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3).

The advisory notes to this rule provide:

> The exclusion of "statements of memory or belief to prove the fact remembered or believed" is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind). *Shepard v. United States*, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933); Maguire, *The Hillmon Case—Thirty-three Years After*, 38 Harv.L.Rev. 709, 719–731 (1925); Hinton, *States of Mind and the Hearsay Rule*, 1 U.Chi.L.Rev. 394, 421–423 (1934). The

rule of *Mutual Life Ins. Co. v. Hillman*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892), allowing evidence of intention as tending to prove the doing of the act intended, is of course, left undisturbed.

*Id.*

The government's decision to leave out the limitation / exception emphasizes why entire categories of evidence cannot be admitted under this exception; i.e. before the Court can admit evidence under this rule the Court must determine that the evidence is of a then-existing mental or emotional state and not evidence explaining **why** the person had that then-existing mental or emotional state. *Id.*

The government's motion does not identify the statements that it seeks to admit but the motion suggests that the government seeks to admit statements that would be covered by the limitation / exception to Rule 803(3). [Government's Motion, 4 Doc. 37].

To carry its burden, the government relies in part on *Cohen*. [Government's Motion, 4 Doc. 37]. According to the government, *Cohen* provides that "'The rule thus permitted the witness to relate any out-of-court statements *Cohen* had made to them to the effect that he was scared, anxious, sad, or in any other state reflecting his then-existing mental or emotional state.'" [Government's Motion, 4 Doc. 37].  But the government has not included *Cohen's* pertinent language about the limitation / exception in Rule 803(3).  *Cohen* provides:

> That rule by its own terms excepts from the ban on hearsay such statements as might have been made by Cohen of his then-existing state of mind or emotion, <u>but expressly excludes from the operation of the rule a statement of belief to prove the fact believed.</u> *The rule thus permitted the witnesses to relate any out-of-court statements Cohen had made to them to the effect that he was scared, anxious, sad, or in any other state reflecting his then-existing mental or emotional condition.* And this for the purpose of proving the truth of the matter asserted in the statement-that Cohen actually was afraid or distraught-because the preamble to F.R.E. 803 provides that such testimony "is not excluded by the hearsay rule." <u>But the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind.</u>

3

*United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980).

Thus, the government's own authority emphasizes Rule 803(3)'s limitation / exception and explicitly states that "the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to **why** he held the particular state of mind, or what he might have believed that would have induced the state of mind." *Id*.

Because of the limitation/exclusion in Rule 803(3), the government must put forward the specific evidence or statements that it seeks to admit under this exception.  It is an inappropriate application of the rule to admit an entire category of evidence.  For this reason, Defendants ask this Court to deny the government's motion.  This denial will not prevent the government from presenting such evidence during trial or even from filing an amended motion in limine seeking to admit specific hearsay evidence.  Instead, this denial will allow this Court, and counsel for defendants, to evaluate each hearsay statement and to determine whether that statement qualifies for this exception.

**3.      Rule 803(2)—Excited Utterances**

The government next seeks to admit an unknown amount of acknowledged hearsay evidence under the Rule 803(2)—excited utterance—exception. The same logic that defendant relied on in response to the government's attempt to admit a category of evidence under Rule 803(3) applies for Rule 803(2).

Defendants do not dispute that the Rule 803(2) hearsay exception exists and that it might apply to some of D.D.'s statements.  The government, however, seeks to admit an entire category of hearsay evidence under this rule without ever identifying the specific statements it seeks to admit. Specifically, the government's motion states, "The government also seeks to introduce some of the victim's statements as excited utterances under Rule 803(2) of the Federal Rules of

Evidence." (emphasis added).   [Government's Motion, 7 Doc. 37]. The government is never more specific about what statements it seeks to admit under this exception. The government's motion fairly establishes that there are criteria for determining whether a specific statement qualifies for this exception. But without the government identifying the specific statements that it seeks to admit, this Court cannot determine whether the Rule 803(2) exception applies.

For this reason, Defendants ask this Court to deny the government's motion to admit unidentified evidence as an excited utterance.

**4.      Rule 801(d)(1)(B)—Prior Consistent Statements**

Finally, the government seeks to admit an unknown amount of acknowledged hearsay evidence under the Rule 801(d)(1)(B) exception; the government's motion is premature.

The government's motion states:

> it is anticipated that the defense will argue that D.D. fabricated her testimony. There are several witnesses who heard the victim's prior consistent statements of her descriptions of her labor in the defendants' home, the defendants' physical and verbal abuse of D.D., statements of D.D.'s fear of the defendants, her desires to leave (including her requests that the defendants send her back home to Guinea), her solicitations for help, and her reluctance to report the defendant [sic.] to law enforcement. Therefore those statements by the victim would be admissible substantively pursuant to Rule 801(d)(1)(B).

[Government's Motion, 12-13 Doc. 37].

Neither the government nor this Court (and to some degree defense counsel) knows what counsel for the defendants will argue at trial. Therefore, it is premature for this Court to admit acknowledged hearsay evidence that the government expects will contradict an argument that does not yet exist.  For this reason, it is premature for this Court to admit testimony from people who heard D.D. speak concerning "her labor in the defendants' home, the defendants' physical and verbal abuse of D.D., statements of D.D.'s fear of the defendants, her desires to leave

(including her requests that the defendants send her back home to Guinea), her solicitations for help, and her reluctance to report the defendant [sic.] to law enforcement."

Accordingly, Defendants ask this Court to deny the government's motion to admit the requested variety of unidentified statements as prior consistent statements under Rule 801(d)(1)(B).

**5.      Conclusion**

WHEREFORE, PREMISES CONSIDERED, Defendants ask this Court to deny the government's motion. The motion seeks to admit unidentified evidence and statements and to qualify this unidentified hearsay evidence as an exception to the hearsay rule.  The hearsay exceptions do not apply in this manner. Rather they are to be applied to specific statements rather than general categories of statements so that through the adversarial process this Court can determine whether the exception applies. Accordingly, Defendants ask this Court to deny the government's motion.

Respectfully submitted,

/s/ Scott H. Palmer
SCOTT H. PALMER
State Bar No. 00797196
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
(214) 987-4100
(214) 922-9900 - Fax
scott@scottpalmerlaw.com

**ATTORNEY FOR DEFENDANT
DENISE CROS-TOURE**

/s/ BRADY THOMAS WYATT, III
BRADY THOMAS WYATT, III
State Bar No. 24008313
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 559-9115
(214) 528-6601 - Fax
attywyatt@hotmail.com

**ATTORNEY FOR DEFENDANT
MOHAMED TOURE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Chris Wolfe
Assistant United States Attorney
United States Attorney's Office
801 Cherry Street, Unit 4
Fort Worth, Texas 76102
Chris.wolfe@usdoj.gov

Rebekah Bailey
**Civil Rights Division, Criminal Section**
U.S. Department of Justice
601 D Street, NW, Suite 5200
Washington, DC 20004
rebekah.bailey@usdoj.gov

William Nolan
**Civil Rights Division, Criminal Section**
U.S. Department of Justice
601 D Street, NW, Suite 5200
Washington, DC 20004
William.nolan@usdoj.gov

/s/ Scott H. Palmer
SCOTT H. PALMER