IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:18-CR-230-O |
| DENISE CROS-TOURE (01)<br>MOHAMED TOURE (02) | |

## **AGREED CHARGE**

Pursuant to the Court's Scheduling Order, and after conferencing with counsel for the defendants, the United States of America hereby files this Agreed Charge. All instructions are drawn from the 2015 Fifth Circuit Pattern Jury Instructions, unless otherwise noted. The disputed instructions are set forth in bold followed by citations in favor and in opposition. The parties may seek to supplement or revise these requested instructions in light of the evidence presented at trial.

Respectfully submitted,

*/s/ William E. Nolan*
WILLIAM E. NOLAN
Trial Attorney
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
State Bar of Maryland, Bar Card No. 0012130143

*/s/ Rebekah J. Bailey*
REBEKAH J. BAILEY
Trial Attorney
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
State Bar of Texas, Bar Card No. 24079833

*/s/ Alex C. Lewis*
ALEX C. LEWIS
Assistant United States Attorney
Missouri State Bar No. 47910
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817.252.5200
Facsimile:   817.252.5455

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, I electronically filed the foregoing document with the clerk for the United States District Court for the Northern District of Texas pursuant to its electronic filing system (ECF).  The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

*/s/ William E. Nolan*
WILLIAM E. NOLAN
Trial Attorney

**Agreed Charge – Page 2**

TABLE OF CONTENTS

JURY INSTRUCTION NO. 1: PRELIMINARY INSTRUCTIONS BEFORE TRIAL .... 3

JURY INSTRUCTION NO. 2: NOTE TAKING BY JURORS ...................................... 11

JURY INSTRUCTION NO. 3: INTRODUCTION TO FINAL INSTRUCTIONS ......... 12

JURY INSTRUCTION NO. 4: DUTY TO FOLLOW INSTRUCTIONS ....................... 13

JURY INSTRUCTION NO. 5: PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT .................................................................................. 14

JURY INSTRUCTION NO. 6: EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE ................................................................................................................................ 15

JURY INSTRUCTION NO. 7: EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL ................................................................................................... 17

JURY INSTRUCTION NO. 8: CREDIBILITY OF WITNESSES ................................. 18

JURY INSTRUCTION NO. 9: CHARACTER EVIDENCE……………………………18

JURY INSTRUCTION NO. 10: IMPEACHMENT BY PRIOR INCONSISTENCIES (if warranted by evidence)……………………………………………………………..19

JURY INSTRUCTION NO. 11: IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER (if warranted by evidence)…………………………………………….20

JURY INSTRUCTION NO. 12: EXPERT OPINION TESTIMONY (if warranted by evidence) ...................................................................................................................... 23

JURY INSTRUCTION NO. 13: ON OR ABOUT .......................................................... 24

JURY INSTRUCTION NO. 14: CAUTION – CONSIDER ONLY CRIME CHARGED ................................................................................................................................ 25

JURY INSTRUCTION NO. 15: CAUTION – PUNISHMENT ...................................... 26

JURY INSTRUCTION NO. 16: MULTIPLE DEFENDANTS – MULTIPLE COUNTS ................................................................................................................................ 27

JURY INSTRUCTION NO. 17: "KNOWINGLY" – TO ACT ........................................ 28

JURY INSTRUCTION NO. 18: TRANSCRIPT OF FOREIGN LANGUAGE – TAPE RECORDED CONVERSATION ..................................................................................... 29

JURY INSTRUCTION NO. 19: COUNT ONE: CONSPIRACY TO COMMIT FORCED LABOR ........................................................................................................................... 30

JURY INSTRUCTION NO. 20: COUNT ONE: ENACTMENT DATE ......................... 34

JURY INSTRUCTION NO. 21: COUNT TWO: FORCED LABOR .............................. 35

JURY INSTRUCTION NO. 22: COUNT TWO: ENACTMENT DATE………………………..44

JURY INSTRUCTION NO. 23: COUNT TWO: FORCED LABOR AIDING AND ABETTING ...................................................................................................................... 47

JURY INSTRUCTION NO. 24: COUNT TWO: FORCED LABOR ATTEMPT........... 50

JURY INSTRUCTION NO. 25: COUNT THREE: CONSPIRACY TO HARBOR AN ALIEN FOR FINANCIAL GAIN ................................................................................... 52

JURY INSTRUCTION NO. 26: COUNT FOUR: HARBORING AN ALIEN FOR FINANCIAL GAIN ......................................................................................................... 54

JURY INSTRUCTION NO. 27: COUNT FOUR: LESSER INCLUDED OFFENSES OF HARBORING AN ALIEN AND AIDING AND ABETTING ........................................ 57

JURY INSTRUCTION NO. 28: COUNT FIVE: FALSE STATEMENTS ..................... 59

JURY INSTRUCTION NO. 29: DUTY TO DELIBERATE ........................................... 61

VERDICT OF THE JURY ................................................................................................ 1

<u>JURY INSTRUCTION NO. 1: PRELIMINARY INSTRUCTIONS BEFORE TRIAL</u>

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

*Duty of the jury:*

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

*Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.  Statements, arguments, and questions by lawyers are not evidence.

2.  Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of

**Jury Instructions – Page 3**

evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First: each defendant is presumed innocent until proven guilty.  The indictment brought by the government against each defendant is only an accusation, nothing more. It is not proof of guilt or anything else.  The defendants therefore start out with a clean slate.

Second: the burden of proof is on the government until the very end of the case.

The defendants have no burden to prove his or her innocence, or to present any evidence,

or to testify.  Since each defendant has the right to remain silent, the law prohibits you

from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove each defendant's guilt beyond a reasonable

doubt.  I will give you further instructions on this point later, but bear in mind that in this

respect a criminal case is different from a civil case.

*Summary of applicable law:*

In this case, the defendants are charged with conspiracy to commit forced labor,

forced labor, conspiracy to harbor an alien for financial gain, and harboring an alien for

financial gain.  Defendant Mohamed Toure is also charged with making false statements.

I will give you detailed instructions on the law at the end of the case, and those

instructions will control your deliberations and decision.  But in order to help you follow

the evidence, I will now give you a brief summary of the elements of the offenses that the

government must prove beyond a reasonable doubt to make its case.

For Count One, which charges the defendants with Conspiracy to Commit Forced

Labor, the government must prove that the defendants entered a conspiracy to commit the

crime of Forced Labor.  The elements for the crime of Forced Labor are found in Count

2.

A "conspiracy" is an agreement between two or more persons to join together to

accomplish some unlawful purpose.

[Defendants' proposed instruction]:

**Jury Instructions – Page 5**

**The above sentence should conclude with "and in which one or more of such person does some act to effectuate the object of the conspiracy."**

[Government's objection to Defendants' proposed instruction]:

**Unlike conspiracies under Section 371, Section 1594(b) does not require proof of overt acts.  *United States v. Shabani*, 513 U.S. 10, 13 (1994) (holding that over act requirement should not be inferred where the statute itself does not require it).**

For Count Two, which charges the defendants with Forced Labor, the government must prove the following:

*First*:        That the defendant, as a principal or as an aider and abettor, provided or obtained the labor or services  of another person;

*Second*:      That the defendant did so by threats of serious harm to that person; means of a scheme, plan, or pattern intended to cause the person to believe that failure to perform such labor or services would result in serious harm to that person; or means of the abuse or threatened abused of law or the legal process;

*Third*:        That the defendant acted knowingly.

For Count Three, which charges the defendants with Conspiracy to Harbor an Alien for Financial Gain, the government must prove that the defendants conspired to commit the crime of Harboring an Alien for Financial Gain.  The elements for the crime of Harboring an Alien for Financial Gain are found in Count 4.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

[Defendants' proposed instruction]:

**The above sentence should conclude with "and in which one or more of such person does some act to effectuate the object of the conspiracy."**

[Government's objection to Defendants' proposed instruction]:

**Unlike conspiracies under Section 371, Section 1324(a)(1)(A)(v)(I) does not require proof of overt acts. *United States v. Shabani*, 513 U.S. 10, 13 (1994) (holding that over act requirement should not be inferred where the statute itself does not require it).**

For Count Four, which charges the defendants with Harboring an Alien for Financial Gain, the government must prove the following.

| | |
|---|---|
| *First*: | That an alien entered, came to, or remained in the United States in violation of law; |
| *Second*: | That the defendant, as a principal or as an aider and abettor, concealed, harbored, or shielded from detection the alien within the United States; |
| *Third*: | That the defendant knew or acted in reckless disregard of the fact that the alien entered, came to, or remained in the United States in violation of law; |
| *Fourth*: | That the defendant's conduct tended to substantially facilitate the alien entering, coming to, or remaining in the United States illegally; and |
| *Fifth*: | That such defendant did so for private financial gain. |

For Count Five, which charges defendant Mohammed Toure with False Statements, the government must show the following:

| | |
|---|---|
| *First:* | That the defendant made a false statement to a department or agency of the United States regarding a matter within its jurisdiction; |
| *Second:* | That the defendant made the statement intentionally, knowing that it was false; |
| *Third:* | That the statement was material; |
| *Fourth:* | That the defendant made the false statement for the purpose of misleading the department or agency. |

*Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendants, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait

until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology or social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.  Next, the attorney for each defendant may, but does not have to, make an opening statement.  Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendants may cross-examine them.  Following the government's case, each defendant may, if he or she wishes, present witnesses whom the government may cross-examine.  If a defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will retire to deliberate on your verdict.

The trial will now begin.

## AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.01 (2015) (Preliminary Instructions) (modified to reflect two defendants).

## JURY INSTRUCTION NO. 2: NOTE TAKING BY JURORS

If you would like to take notes during the trial, you may do so.  On the other hand, you are not required to take notes if you prefer not to do so.  Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No 1.02 (2015) (Note-Taking by Jurors) (modified to reflect two defendants).

<u>JURY INSTRUCTION NO. 3: INTRODUCTION TO FINAL INSTRUCTIONS</u>

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty, at the end of the trial, to explain the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Next, I will give you some specific rules of law about this particular case, and, finally, I will explain the procedures you should follow in your deliberations.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.03 (2015).

## JURY INSTRUCTION NO. 4: DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened, that is, in reaching your decision as to the facts, it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.04 (2015) (Duty to Follow Instructions).

## JURY INSTRUCTION NO. 5: PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment, or formal charge against each defendant, is not evidence of guilt. Indeed, each defendant is presumed by the law to be innocent. Each defendant begins with a clean slate. The law does not require either defendant to prove his or her innocence or produce any evidence at all [and no inference whatever may be drawn from the election of either defendant not to testify.]

The government has the burden of proving each defendant's guilt beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that each defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning that particular defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important decisions of your own affairs.

## AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.05 (2015) (Presumption of Innocence, Burden of Proof, Reasonable Doubt) (modified to reflect two defendants).

## JURY INSTRUCTION NO. 6: EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you

on the law, you should disregard anything I may have said during the trial in arriving at

your own verdict.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.06 (2015) (Evidence – Excluding What is Not Evidence).

JURY INSTRUCTION NO. 7: EVIDENCE – INFERENCES – DIRECT AND
CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find her guilty.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.07 (2015) (Evidence – Inferences – Direct and Circumstantial).

## JURY INSTRUCTION NO. 8: CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and her credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.08 (2015) (Credibility of Witnesses).

<u>JURY INSTRUCTION NO. 9: CHARACTER EVIDENCE (if warranted by evidence)</u>

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instruction No. 1.09 (Character Evidence)

<u>JURY INSTRUCTION NO. 10 IMPEACHMENT BY PRIOR INCONSISTENCIES</u>
(if warranted by evidence)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is in consistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to deter mine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions Nos. 1.10 (2015)

## JURY INSTRUCTION NO. 11: IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER (if warranted by evidence)

You have heard the testimony of _____. You also heard testimony from others concerning their opinion about whether that witness is a truthful person or the witness's reputation, in the community where the witness lives, for telling the truth. It is up to you to decide from what you heard here whether _____ was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's reputation for truthfulness as well as all the other factors already mentioned.

### AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions Nos. 1.13 (2015)

<u>JURY INSTRUCTION NO. 12: EXPERT OPINION TESTIMONY</u>
(if warranted by evidence)

During the trial you heard the testimony of [insert names] who expressed

opinions concerning [insert expert opinion].  If scientific, technical, or other

specialized knowledge might assist the jury in understanding the evidence or in

determining a fact in issue, a witness qualified by knowledge, skill, experience, training,

or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however,

that you must accept this opinion.  You should judge such testimony like any other

testimony.  You may accept it or reject it and give it as much weight as you think it

deserves, considering the witness's education and experience, the soundness of the

reasons given for the opinion, and all other evidence in the case.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.17 (2015) (Expert Opinion

Testimony).

## JURY INSTRUCTION NO. 13: ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that the crimes were committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendants committed the specific crime on a date reasonably near the date stated in the indictment.

### AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.18 (2015) (On or About) (modified to include "specific crime on a date reasonably near the date")

## JURY INSTRUCTION NO. 14: CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged.  The defendants are not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.19 (2015) (Caution – Consider Only Crime Charged) (modified to reflect two defendants)

<u>JURY INSTRUCTION NO. 15: CAUTION – PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

## AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.20 (2015) (Caution – Punishment)
(modified to change "a" to "either")

## JURY INSTRUCTION NO. 16: MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the defendants guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

### AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.23 (2015) (Multiple Defendants – Multiple Counts) (modified to change "accused" to "defendants")

JURY INSTRUCTION NO. 17: "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.37 (2015) (Knowingly – To Act).

<u>JURY INSTRUCTION NO. 18: TRANSCRIPT OF FOREIGN LANGUAGE – TAPE</u>

<u>RECORDED CONVERSATION</u>

Among the exhibits admitted during the trial were recordings that contained

conversations in the French language.  You were also provided English transcripts of those

conversations.  The transcripts were provided to you by the government [defendant] so

that you can consider the content of the conversations on the recordings.  Whether a

transcript is an accurate translation, in whole or in part, is for you to decide.  You should

not rely in any way on any knowledge you may have of the language spoken on the

recording; your consideration of the transcripts should be based on the evidence introduced

in the trial.

In considering whether the transcript[s] accurately describes the meaning of a

conversation, you should consider the testimony presented to you regarding how, and by

whom, the transcript was made.  You may consider the knowledge, training, and

experience of the translator, as well as the nature of the conversation and the

reasonableness of the translation in light of all the evidence in the case.

[In this case there are two transcripts because there is a difference of opinion as to

what is said on the tape. You may disregard any portion of either or both transcripts if

you believe they reflect something different from what you hear on the tape that is

evidence, not the transcripts.]

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions Nos. 1.42A (2015) (Transcript of Foreign
Language—Tape Recorded Conversation).

<u>JURY INSTRUCTION NO. 19: COUNT ONE: CONSPIRACY</u>

<u>TO COMMIT FORCED LABOR</u>

VIOLATION OF 18 U.S.C. §§ 1594(b) AND 1589

Count One of the indictment charges each defendant with Conspiracy to Commit Forced Labor in violation of Sections 1594(b) and 1589, Title 18, United States Code.  A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.[1]

For you to find each defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That the defendant and at least one other person made an agreement to commit the crime of forced labor as charged in the indictment; and

*Second*:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose.[2]

[Defendants' proposed instruction]:

---

[1] Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense) (modified to reflect two defendants).

[2] 18 U.S.C. § 1589 (2000); Jury Instructions at 7-8, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); *United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011) (upholding convictions for forced labor, conspiracy to commit forced labor, and harboring an alien for financial gain).

**Third**:      That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

[Government's objection to Defendants' proposed instruction]:

**Unlike conspiracies under Section 371, Section 1594(b) does not require proof of overt acts.  *United States v. Shabani*, 513 U.S. 10, 13 (1994) (holding that over act requirement should not be inferred where the statute itself does not require it).**

[Defendants' proposed instruction]

**This Count of the indictment charges each defendant with Conspiracy to Commit Forced Labor, in violation of Section 1594(b), Title 18, United States Code. Section 1594(b) became law on June 21, 2009.  Therefore, to convict either defendant of Count One, you must find beyond a reasonable doubt that the conspiracy to commit forced labor existed on or after June 21, 2009.**

[Government's objection to Defendants' proposed instruction]:

**The government proposed this language be a separate jury instruction.  See Jury Instruction 20 below.**

In considering these elements, you are to use the elements of the forced labor crime that are included in Count 2.[3]

---

[3] Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense) (modified to include the following "In considering these elements, you are to use the elements of the forced labor crime that are included in Count 2.").

**Jury Instructions – Page 31**

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant only played a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some conspiracy, does not thereby become a conspirator.[4]

## AUTHORITIES

18 U.S.C. §§ 1594(b) and 1589.

---

[4] Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense) (modified to reflect two defendants).

**Jury Instructions – Page 32**

Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense).

Fifth Circuit Criminal Pattern Jury Instructions No. 2.17 (2015) (Conspirator's Liability for Substantive Count).

*Pinkerton v. United States*, 328 U.S. 640, 646 (1946).

*United States v. Morrow*, 177 F.3d 272, 293 (5th Cir. 1999).

*United States v. Polk*, 56 F.3d 613, 619 & n.4 (5th Cir. 1995).

*United States v. Quiros-Hernandez*, 48 F.3d 858, 868 (5th Cir. 1995).

*United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011).

JURY INSTRUCTION NO. 20: COUNT ONE: ENACTMENT DATE

Count One of the indictment charges each defendant with Conspiracy to Commit Forced Labor, in violation of Section 1594(b), Title 18, United States Code.  Congress enacted Section 1594(b) on December 23, 2008.  Therefore, in order to convict either defendant of Count One, you must find beyond a reasonable doubt that the conspiracy to commit forced labor continued on or after December 23, 2008.

[Defendants' objection]:

**Violation of Section 1594(b) was not a criminal offense until June 21, 2009. Whether this instruction is maintained or whether it is included in the prior instruction, the jury should be told that Section 1594(b) was effective on June 23, 2009 instead of December 23, 2008.**

<u>JURY INSTRUCTION NO. 21: COUNT TWO: FORCED LABOR</u>

VIOLATION OF 18 U.S.C. §§ 1589

Count Two of the indictment charges the defendants with Forced Labor in violation of Section 1589, Title 18, United States Code.

For you to find each defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That the defendant provided or obtained the labor or services of

D.D.;

*Second*:      That the defendant did so by: (a) threats of serious harm; (b) means of a scheme, plan, or pattern intended to cause D.D. to believe that, if D.D. did not perform such labor or services, D.D. would suffer serious harm; or

(c) means of the abuse or threatened abuse of law or legal process;

*Third*:      That the defendant acted knowingly.[5]

I instruct you that, in considering the first element, the words, "provided," "obtained," "labor," and "services," are to be given their ordinary meanings.

I now want to define some of the terms that you will be considering in determining whether the second element has been met.

[Government's proposed instruction]:

---

[5] 18 U.S.C. § 1589; Jury Instructions at 10, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex. Aug. 5, 2016) (Dkt. No. 173); Jury Instructions at 11-12, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); *United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011) (upholding convictions for forced labor, conspiracy to commit forced labor, and harboring an alien for financial gain); *United States v. Murra*, 879 F.3d 669, 686 (5th Cir. 2018) (upholding convictions for forced labor and harboring an alien for financial gain).

The term "serious harm" means any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.[6]  A threat of serious harm, therefore, need not involve any threat of physical violence.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings.  A scheme, plan, or pattern need not involve actual threats of serious harm, but may involve any other means—including deception or psychological coercion—used to cause D.D. to reasonably believe that she would suffer serious harm if she refused to continue providing labor or services.[7]

The term "abuse or threatened abuse of law or the legal process" means use or threatened use of a law or a legal process, whether civil or criminal, against

---

[6] 18 U.S.C. § 1589(c)(2); Jury Instructions at 11, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex. Aug. 5, 2016) (Dkt. No. 173); Jury Instructions at 12, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); *United States v. Bradley*, 390 F.3d 145, 150 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) (upholding jury instruction using and defining "serious harm" in a § 1589 prosecution to include threats of any consequences, whether physical or non-physical, that are sufficient, under all of the surrounding circumstances to compel or coerce a reasonable person in the same situation to provide or continue providing labor or services); *United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011) (upholding convictions for forced labor, conspiracy to commit forced labor, and harboring an alien for financial gain); *United States v. Murra*, 879 F.3d 669, 686 (5th Cir. 2018) (upholding convictions for forced labor and harboring an alien for financial gain).

[7] Jury Instructions at 13, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); H.R. Conf. Rep. No. 106-939, 2000 WL 1479163, at *100-01 (Oct. 5, 2000) (TVPA legislative history stating that "Section 1589 is intended to address the *increasingly subtle methods* of traffickers who place their victims in modem-day slavery, such as where traffickers threaten *harm to third persons*, restrain their victims *without physical violence or injury*, or threaten *dire consequences by means other than overt violence....* [F]ederal prosecutors *will not have to demonstrate physical harm or threats of force* against victims") (emphasis added); Jury Instructions at 11, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex. Aug. 5, 2016) (Dkt. No. 173); *United States v. Bradley*, 390 F.3d 145, 150 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) (upholding jury instruction defining serious harm); *United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011) (upholding convictions for forced labor, conspiracy to commit forced labor, and harboring an alien for financial gain).

another person primarily to accomplish a purpose for which the law or process was not designed.

If you find that the defendant used one of the prohibited means, you must then determine whether such use was sufficient to cause D.D. to reasonably believe that she had no choice but to work or to remain working for the defendant to avoid serious harm to herself.  In making that determination, you may consider the cumulative effect of the defendant's conduct on D.D.[8]  You may also consider D.D.'s special vulnerabilities, if any.  In this regard, you are instructed that you may find that not all persons are of the same courage or firmness.  You may consider, for example, D.D.'s background, physical and mental condition, experiences, education, socioeconomic status, age, and any inequalities between her and the defendants with respect to these considerations, including their relative stations in life, among other things.[9]  Simply put, you may ask whether D.D. was vulnerable in some way so that the actions of the defendant, even if not sufficient to compel another person to perform the labor or services, were enough to compel D.D. to do so.[10]

---

[8] Jury Instructions at 11, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex. Aug. 5, 2016) (Dkt. No. 173).

[9] *Id.*; Jury Instructions at 13, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex.  Feb. 2, 2010) (Dkt No. 84); *United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011) (upholding convictions for forced labor, conspiracy to commit forced labor, and harboring an alien for financial gain); *United States v. Bradley*, 390 F.3d 145, 152-53 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) (upholding jury instruction in Section 1589 prosecution that the "special vulnerabilities" of the victim may be considered in determining if a victim felt compelled to work as "...not all persons are of the same courage or firmness...," and factors which may be considered are: victim's background, physical and mental condition, experience, education, socioeconomic status, and inequalities between victim and defendant including their relative stations in life); *United States v. Sung Bum Chang*, 237 F. App'x 985, 988 (5th Cir. 2007) (§ 1589) (upholding vulnerable-victim sentencing enhancement where victim came from an especially impoverished background, spoke limited English, and was in the country illegally, thus making her particularly susceptible to defendant's fraud and coercion).

[10] Jury Instructions at 38-39, *United States v. Calimlim*, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Dkt No. 188); Jury Instructions at No. 18, *United States v. Farrell*, No. 07-CR-30019 (D.S.D. Nov. 2007) (Dkt No. 118); *United*

A few final points about this second element of the forced labor offense:

You may consider not only overt threats that the defendant might have made to place D.D. in fear of suffering certain consequences, but also other surrounding circumstances, such as an atmosphere of violence, verbal abuse or insults, isolation, poor working or living conditions, denial of education or medical care, lack of payment, or any combination of these conditions, and any other techniques that the defendant might have used to compel D.D. to serve.[11]

The government also need not prove physical restraint—such as the use of chains, barbed wire, or locked doors—in order to establish the offense of forced labor.[12]  Additionally, the fact that D.D. may have had an opportunity to escape is

---

*States v. Kozminski*, 487 U.S. 931, 952 (1988) ("Our holding does not imply that evidence of other means of coercion, or of poor working conditions, or of the victim's special vulnerabilities is irrelevant in a prosecution under these statutes. As we have indicated, the vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve."). 390 F.3d 145, 150-53 (1st Cir. 2004), vacated on other grounds, 545 U.S. 1101 (2005) (citing the TVPA legislative history and pre-TVPA case law to emphasize that § 1589 was meant "to encompass not only physical violence, but also more subtle psychological methods of coercion"); *United States v. Bibbs*, 564 F.2d 1165, 1168 (5th Cir. 1977) (finding in a § 1584 case that violence and threats towards others can help create a climate of fear that compelled victims to stay in the employ of their abusive employer).

[11] Jury Instructions at 11, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex.  Aug. 5, 2016) (Dkt. No. 173); Jury Instructions at 14, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex.  Feb. 2, 2010) (Dkt No. 84). *See also United States v. Alzank*i, 54 F.3d 994, 999, 1004-05 (1st Cir. 1995) (finding that depriving victim of food and medical care, while simultaneously threatening violence or deportation contributed to the climate of fear that compelled victim into involuntary servitude); *United States v. Farrell*, 563 F.3d 364, 373-74 (8th Cir. 2009) (§§ 1581, 1592) (finding that poor conditions, isolation, and exhaustion can contribute to creating an environment where victims plausibly feared that threats against them would be carried out).

[12] Jury Instructions at 40, *United States v. Calimlim*, No. 2:04-CR-248 (E.D. Wisc. May 25, 2006) (Dkt No. 188); Jury Instructions at No. 18, *United States v. Farrell*, No. 07-CR-30019 (D.S.D. Nov. 2007) (Dkt No. 118); *United States v. Nnaji*, 447 F. App'x 558, 559-61 (5th Cir. 2011); *United States v. Djoumessi*, 538 F.3d 547, 552 (6th Cir. 2008) ("Also unavailing is [defendant's] contention that [victim] necessarily remained voluntarily at his home because he never physically restrained her ... and she never attempted to escape.  But opportunities for escape mean nothing if [defendant] gave her reasons to fear leaving the house-as indeed he did").

**not determinative of forced labor if the defendant placed D.D. in such fear or**

**circumstances that she did not reasonably believe she could leave.**[13]

## AUTHORITIES

**18 U.S.C. § 1589.**

**H.R. Conf. Rep. No. 106-939, 2000 WL 1479163, at \*100-01 (Oct. 5, 2000).**

***Smith v. United States*, 508 U.S. 223, 228 (1993).**

***United States v. Kozminski*, 487 U.S. 931, 952 (1988).**

***United States v. Bradley,* 390 F.3d 145, 153 (1st Cir. 2004), vacated on *Booker*
grounds, 543 U.S. 220 (2005).**

***United States v. Djoumessi*, 538 F.3d 547, 552 (6th Cir. 2008).**

***United States v. Nnaji*, 447 F. App'x 558, 559 (5th Cir. 2011).**

***United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012).**

***United States v. Murra*, 879 F.3d 669, 686 (5th Cir. 2018).**

[Defense objections and proposed instructions]:

**[The term "serious harm" means any harm, whether physical or non-physical,**

**including psychological, financial, or reputational harm, that is sufficiently serious,**

**under all the surrounding circumstances, to compel a reasonable person of the same**

---

[13] Jury Instructions at 15, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); *United States v. Bradley*, 390 F.3d 145, 153 (1st Cir. 2004), vacated on *Booker* grounds, 543 U.S. 220 (2005) ("the government need not prove physical restraint, such as the use of chains, barbed wire, or locked doors to establish offense of forced labor;" and the fact that the victim "may have had the opportunity to flee is not determinative of ... "forced labor if...the defendant placed [the victim] in such fear or circumstances" the she did not believe she could leave); *United States v. Bibbs*, 564 F.2d 1165, 1168 (5th Cir.1977) (holding that "[a] defendant is guilty of holding a person to involuntary servitude if the defendant has placed him in such fear of physical harm that the victim is afraid to leave, regardless of the victim's opportunities for escape").

**background and in the same circumstances to perform or to continue performing labor services in order to avoid incurring that harm.]**[14]

We object to the instruction in total as it beyond the bounds of the Thirteenth Amendment.

First alternative objection, in the event that objection is overruled**:**

The language highlighted above was not added until 2008, and the indictment in Count two alleges conduct beginning in 2000 and continuing to 2016. This definition does not apply to conduct that occurred before the statute became effective. The application of this definition to conduct from before the effective date is a violation of the ex post facto clause.

**The term "serious harm" means physical harm sufficient to coerce a reasonable individual to work against her will.**

Second alternative objection:

This is taken directly from the Conference Report for the act passed in 2000, which report is relied upon by the government. The report states that direct physical coercion is not required, but it does not contemplate the type of psychological harm contemplated by the government. It speaks of more subtle harms, like threatening to cause physical harms to others, as its "psychological harm." Thus, the Toures believes that the statute passed in 2000, 18 U.S.C. § 1589, exceeds the bounds of Congress authority as stated before.

---

[14] 18 U.S.C. 1589(c)(2)

**Jury Instructions – Page 40**

However, even if the Court disagrees, the instruction should follow the intent of Congress for the 2000 statute. The Toures jointly thus propose:

**The term "serious harm" includes both physical and non-physical harm sufficient to maintain or obtain a victim's labor or services, against their will. For example, serious harm would include overt beatings, but also where the traffickers use more subtle means designed to cause their victims to believe that serious harm will result to themselves or others if they leave, as when an alien is led to believe that children in her care will be harmed if she leaves the home.**

H.R. CONF. REP. 106-939, 100-01, 2000 WL 1479163 (2000)

**[The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A scheme, plan, or pattern need not involve actual threats of serious harm, but may involve any other means—including deception or psychological coercion—used to cause D.D. to reasonably believe that she would suffer serious harm if she refused to continue providing labor or services.]**

The Toures' object to the above highlighted language in toto, as beyond the power granted the Federal Government by the Thirteenth Amendment. Even if allowed, the Toures further object to the inclusion of deception, as there is no evidence of such. The Toures' also object to the words psychological coercion as that language was not added until 2008 and thus a violation of the ex post facto clause.

Moreover, even if "Psychological" harm is allowed, the Toures requests this instruction:

**A scheme, plan or pattern intended to cause D.D. to believe that non-performance would result in serious harm or physical restraint to her occurs when an individual coerces another into her service by improper or wrongful conduct that is intended to cause, and does cause, the other person to believe that she has no alternative but to perform the labor.**

United States v. Mussry, 726 F.2d 1448, 1453 (9th Cir. 1984) abrogated by United States v. Kozminski, 487 U.S. 931, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) (apparently reinstated by 18 U.S.C. § 1589 (2000) *see*, H.R. CONF. REP. 106-939, 100-01, 2000 WL 1479163 (2000).

Alternative Objection:

The language "including deception or psychological coercion" is suggestive and a comment on the weight of the evidence.  The charge permits the jurors to rely on "any other means" which would include deception or psychological coercion. There is no reason to direct the jurors to the ideas of deception or psychological coercion.

If the instruction remains, then Defendant's propose to use this paragraph but to remove the phrase  "including deception or psychological coercion."

**[In this regard, you are instructed that you may find that not all persons are of the same courage or firmness. You may consider, for example, D.D.'s background, physical and mental condition, experiences, education, socioeconomic status, age, and any inequalities between her and the defendants with respect to these considerations, including their relative stations in life, among other things.[9] Simply put, you may ask**

**whether D.D. was vulnerable in some way so that the actions of the defendant, even if not sufficient to compel another person to perform the labor or services, were enough to compel D.D. to do so.]**

The Toures object to that as it is not an objective standard of forced labor and a comment on the evidence. The instruction does not require that the actions of the defendants were such that a reasonable person would have felt she had no choice but to work for the defendants, and worse allows for conviction on the subjective view of the alleged victim.

Alternative Instruction:  The language "D.D.'s background, physical and mental condition, experiences, education, socioeconomic status, age, and any inequalities between her and the defendants with respect to these considerations, including their relative stations in life, among other things.  Simply put, you may ask whether D.D. was vulnerable in some way so that the actions of the defendant, even if not sufficient to compel another person to perform the labor or services, were enough to compel D.D. to do so."  Is a comment on the weight of the evidence and improperly allows the jurors to consider subjective factors.

In *Bradley*, the First Court of Appeals wrote, "The test of undue pressure is an objection over asking how a reasonable employee would have behaved; to rely upon some hidden emotional flaw or weakness unknown to the employer would raise various problems (e.g., scienter). But,. . . known objective conditions that make the victim especially vulnerable to pressure (such as youth or immigrant status) bear on whether the employee's labor was 'obtained' by forbidden means." *United States, v. Bradley*, 390

F.3d 145, 153 (1st Cir. 2004).

**Proposed instruction: You may consider D.D.'s age and immigrant status.**

**[You may consider not only overt threats that the defendant might have made to place D.D. in fear of suffering certain consequences, but also other surrounding circumstances, such as an atmosphere of violence, verbal abuse or insults, isolation, poor working or living conditions, denial of education or medical care, lack of payment, or any combination of these conditions, and any other techniques that the defendant might have used to compel D.D. to serve.]**

The Toures object to that as it is not an objective standard of forced labor. The instruction does not require that the actions of the defendants were such that a reasonable person would have felt she had no choice but to work for the defendants, and worse allows for conviction on the subjective view of the alleged victim.

Alternative Objection:

The inclusion of the text: "such as an atmosphere of violence, verbal abuse or insults, isolation, poor working or living conditions, denial of education or medical care, lack of payment, or any combination of these conditions, and any other techniques that the defendant might have used to compel D.D. to serve" is in improper comment on the evidence.

**Proposed Instruction: use the instruction as written and remove the language above.**

**[The government also need not prove physical restraint—such as the use of**

**chains, barbed wire, or locked doors—in order to establish the offense of forced labor. Additionally, the fact that D.D. may have had an opportunity to escape is not determinative of forced labor if the defendant placed D.D. in such fear or circumstances that she did not reasonably believe she could leave.]**

Again, Toures objects as this is an improper comment on the weight of the evidence based on the statement "Additionally, the fact that D.D. may have had an opportunity to escape is not determinative of forced labor if the defendant placed D.D. in such fear or circumstances that she did not reasonably believe she could leave.".  If the Court overrules the objection, the Toures requests a more neutral instruction**:**

**In determining whether the government has proved beyond a reasonable doubt that the defendant engaged in a scheme plan or pattern intended to cause D.D. to believe that non-performance would result in serious harm or physical restraint to her you may consider the following factors Did D.D. have had an opportunity to escape? Would a reasonable person in D.D.'s circumstance leave? Would a reasonable person in D.D.'s situation be in such fear of serious harm or physical restraint by the defendant that she would not reasonably believe she could leave?**

JURY INSTRUCTION NO. 22: COUNT TWO: ENACTMENT DATE

Count Two of the indictment charges each defendant with Forced Labor, in violation of Section 1589, Title 18, United States Code.  Congress enacted Section 1589 on October 28, 2000.  Therefore, in order to convict either defendant of Count Two, you must find beyond a reasonable doubt that the crime of forced labor continued on or after October 28, 2000.

[Defendants' Objections]:

**It seems cleaner to include this with the elements.**

**Force Labor was not a criminal offense until January 26, 2001.**

JURY INSTRUCTION NO. 23: COUNT TWO: FORCED LABOR AIDING AND

ABETTING

VIOLATION OF 18 U.S.C. § 2

Count Two of the indictment also charges the defendants with Aiding and

Abetting Forced Labor in violation of Section 2, Title 18, United States Code.

The guilt of a defendant in a criminal case may be established without proof that

the defendant personally did every act constituting the offense alleged. The law

recognizes that, ordinarily, anything a person can do for himself may also be

accomplished by him through the direction of another person as his or her agent, or

by acting in concert with, or under the direction of, another person or persons in a joint

effort or enterprise.

If another person is acting under the direction of the defendant or if the

defendant joins another person and performs acts with the intent to commit a crime,

then the law holds the defendant responsible for the acts and conduct of such other

persons just as though the defendant had committed the acts or engaged in such

conduct.

Before any defendant may be held criminally responsible for the acts of

others, it is necessary that the accused deliberately associate himself in some way with

the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime

is being committed are not sufficient to establish that a defendant either directed or

aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find each defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:　　　　That the offense of forced labor was committed by some person;

*Second*:　　　That the defendant associated with the criminal venture;

*Third*:　　　　That the defendant purposefully participated in the criminal venture; and

*Fourth*:　　　That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.[15]

---

[15] Fifth Circuit Pattern Jury Instructions No. 2.04 (2015) (Aiding and Abetting (Agency)); *United States v. Nnaji*, 447 F. App'x 558, 560 (5th Cir. 2011) (upholding conviction of husband and wife co-defendants who acted

AUTHORITIES

18 U.S.C. § 2.

Fifth Circuit Pattern Jury Instructions No. 2.04 (2015) ((Aiding and Abetting) (Agency)).

---

"individually and in concert" with one another to take "advantage of the [forced labor] victim's vulnerabilities and coerced her into performing work for their family").

**Jury Instructions – Page 49**

JURY INSTRUCTION NO. 24: COUNT TWO: FORCED LABOR ATTEMPT

VIOLATION OF 18 U.S.C. § 1594(a)

Count Two of the indictment also charges the defendants with Forced Labor Attempt in violation of Section 1594(a), Title 18, United States Code. It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. In this case, in Count Two, the defendant is charged with forced labor and attempting to commit forced labor.

For you to find the defendant guilty of attempting to commit forced labor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    That the defendant intended to commit the crime of forced labor as I have defined that crime above; and

*Second*:    That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must both be (1) an act strongly corroborative of the actor's criminal intent, and (2) amount to more than mere preparation.[16]

---

[16] Fifth Circuit Pattern Jury Instructions No. 1.32 (2015) (Attempt); *United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012) ("Our prior case law makes clear that a 'substantial step' must both (1) be an act strongly corroborative of the actor's criminal intent and (2) amount to more than mere preparation").

If you find that the defendant completed the offense, you need not consider whether that defendant was guilty of attempt.

## AUTHORITIES

18 U.S.C. § 1594(a).

Fifth Circuit Pattern Jury Instructions No. 1.32 (2015) (Attempt).

JURY INSTRUCTION NO. 25: COUNT THREE: CONSPIRACY TO

HARBOR AN ALIEN FOR FINANCIAL GAIN

VIOLATION OF 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) AND 1324(a)(1)(B)(i)

Count Three of the indictment charges the defendants with Conspiracy to Harbor an Alien for Financial Gain in violation of Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), Title 8, United States Code.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.[17]

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     That the defendant and at least one other person made an agreement to commit the crime of harboring an alien for financial gain as charged in the indictment; and

*Second*:     That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose.

---

[17] Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense); *Pinkerton v. United States*, 328 U.S. 640, 646 (1946) (holding that, "so long as the partnership in crime continues, the partners act for each other in carrying it forward"); *United States v. Polk*, 56 F.3d 613, 619 & n.4 (5th Cir. 1995) (holding that, where jury is properly instructed in accordance with *Pinkerton*, "a defendant who participates in a conspiracy may be deemed guilty of substantive counts, such as possession, committed by a co-conspirator in furtherance of the conspiracy") (citations and internal quotations omitted); *United States v. Morrow*, 177 F.3d 272, 293 (5th Cir. 1999) ("the district court properly instructed the jury that someone who jointly undertakes a criminal activity with others is accountable for their reasonably foreseeable conduct in furtherance of the joint undertaking"); *United States v. Quiros-Hernandez*, 48 F.3d 858, 868 (5th Cir. 1995) ("Since the jury found [defendant] to be an active member of the conspiracy, he could also be convicted for his co-conspirator's [acts]")..

[Defendants' proposed instruction]:

> ***Third*:**     **That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.**

[Government's objection to Defendants' proposed instruction]:

**Unlike conspiracies under Section 371, Section 1324(a)(1)(A)(v)(I) does not require proof of overt acts. *United States v. Shabani*, 513 U.S. 10, 13 (1994) (holding that over act requirement should not be inferred where the statute itself does not require it).**

In considering those elements, you are to use the definitions of the alien harboring crime that I will provide to you in a moment.  In considering this charge, you are also to use the general conspiracy instructions provided under Jury Instruction No. 19.

## AUTHORITIES

8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

Fifth Circuit Criminal Pattern Jury Instructions No. 2.15A (2015) (Conspiracy to Commit Offense).

Fifth Circuit Criminal Pattern Jury Instructions No. 2.17 (2015) (Conspirator's Liability for Substantive Count).

*Pinkerton v. United States*, 328 U.S. 640, 646 (1946).
*United States v. Quiros-Hernandez*, 48 F.3d 858, 868 (5th Cir. 1995).
*United States v. Morrow*, 177 F.3d 272, 293 (5th Cir. 1999).
*United States v. Nnaji*, 447 F. App'x 558, 560 (5th Cir. 2011).
*United States v. Polk*, 56 F.3d 613, 619 & n.4 (5th Cir. 1995).

JURY INSTRUCTION NO. 26: COUNT FOUR: HARBORING AN ALIEN

FOR FINANCIAL GAIN

VIOLATION OF 8 U.S.C. §§ 1324(a)(1)(A)(v)(iii) AND 1324(a)(1)(B)(i)

Count Four of the Indictment charges the defendants with Harboring an Alien for Financial Gain in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(iii) and 1324(a)(1)(B)(i).

For you to find a defendant guilty of Harboring an Alien, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That D.D. was an alien who entered, came to, or remained in the United States in violation of law;

*Second*: That the defendant concealed, harbored, or shielded from detection D.D. within the United States;

*Third*: That the defendant knew or acted in reckless disregard of that fact that D.D. entered, came to, or remained in the United States in violation of law; and

*Fourth*: That the defendant's conduct tended to substantially facilitate D.D. entering, coming to, or remaining in the United States illegally.

If you find the defendant guilty of Harboring an Alien, you must then consider whether the harboring was done for financial gain. To find the defendant guilty of Harboring an Alien for Financial Gain, you must be convinced that the government has proved the following additional element beyond a reasonable doubt:

*Fifth*: That such defendant did so for private financial gain.

**Jury Instructions – Page 54**

An alien is any person who is not a natural-born or naturalized citizen of the United States.[18] An alien is unlawfully in the United States if he remained in the United States for a time longer than permitted.[19]

A person acts with "reckless disregard" when he is aware of, and consciously disregards, facts and circumstances indicating that the person concealed, harbored, or shielded from detection was an alien who entered, came to, or remained in the United States in violation of law.

To "substantially facilitate" means to make an alien's illegal presence in the United States substantially easier or less difficult.[20]

[Defense proposed instruction]:

**The mere act of providing shelter to an alien, when done without intention to help prevent the alien's detection by immigration authorities or police, is not an offense and is not, alone, sufficient to prove beyond a reasonable doubt that the defendant unlawfully harbored an alien as alleged in the indictment**.

[Defense Objection]

**In enacting this provision, Congress "intended to broadly proscribe**

---

[18] Fifth Circuit Criminal Pattern Jury Instructions No. 2.01C (2015) (Concealing or Harboring Aliens) (modified to include "financial gain" element as element five); Jury Instructions at 12-13, *United States v. Murra*, No. 4:16-CR-078-O-1 (N.D. Tex. Aug. 5, 2016) (Dkt. No. 173); Jury Instructions at 15-16, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84).

[19] 8 U.S.C. §§ 1181; 1182(a)(6)(A)(i); 1182(a)(6)(C)(i); 1182(a)(7).

[20] Fifth Circuit Criminal Pattern Jury Instructions No. 2.01C (2015) (Concealing or Harboring Aliens), citing *United States v. Shum*, 496 F.3d 390, 392 (5th Cir. 2007) (citing *United States v. Dixon*, 132 F.3d 192, 200 (5th Cir. 1997)).

**any knowing or willful conduct fairly within any of these terms that tends to substantially facilitate an alien's remaining in the United States illegally...." To that end, "harbor, shield, or conceal" means "something is being hidden from detection."** *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, **726 F.3d 524, 529 (5th Cir. 2013).**

For "private financial gain" means acting with the purpose of deriving any economic benefit.[21]

## AUTHORITIES

8 U.S.C. §§ 1324(a)(1)(A)(v)(I) & 1324(a)(1)(B)(i).

Fifth Circuit Criminal Pattern Jury Instructions No. 2.01C (2015) (Concealing or Harboring Aliens).

*United States v. Shum*, 496 F.3d 390, 392 (5th Cir. 2007).

*United States v. Dixon*, 132 F.3d 192, 200 (5th Cir. 1997).

*United States v. Garcia,* 883 F.3d 570 (5th Cir. 2018).

*United States v. Li*, 615 F.3d 752, 756 (7th Cir. 2010).

*United States v. Nnaji*, 447 F. App'x 558, 560 (5th Cir. 2011).

---

[22] *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (defining a "material statement" in the context of 18 U.S.C. § 1001, making false statements of material fact to federal agencies or agents, as a statement that has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision-making body to which it was addressed") (quoting *Kungys v. United States*, 485 U.S. 759, 770-71 (1988)); *see also United States v. Najera Jimenez*, 593 F.3d 391, 399 (5th Cir. 2010) (applying *Gaudin* and upholding a §1001 conviction).

JURY INSTRUCTION NO. 27: COUNT FOUR: LESSER INCLUDED OFFENSES OF

HARBORING AN ALIEN AND AIDING AND ABETTING

VIOLATION OF 8 U.S.C. §§ 1324(a)(1)(A)(iii) AND (a)(1)(A)(v)(II),

We have just talked about what the government has to prove for you to convict the

defendant of the crime of Harboring an Alien for Financial Gain.  Your first task is to

decide whether the government has proved, beyond a reasonable doubt, that the

defendant committed that crime. If your verdict on that is guilty, you are finished.

But if your verdict is not guilty, or if after all reasonable efforts, you are unable to

reach a verdict, you should go on to consider whether the defendant is guilty of the lesser

crime of Harboring an Alien. You should find the defendant guilty of Harboring an Alien

if the government has proved, beyond a reasonable doubt, the following elements:

*First*:       That D.D. was an alien who entered, came to, or remained in the

United States in violation of law;

*Second*:      That the defendant concealed, harbored, or shielded from detection

D.D. within the United States;

*Third*:       That the defendant knew or acted in reckless disregard of that fact

that D.D. entered, came to, or remained in the United States in

violation of law; and

*Fourth*:      That the defendant's conduct tended to substantially facilitate D.D.

entering, coming to, or remaining in the United States illegally.

The difference between these two crimes is that to convict the defendant of Harboring an Alien, the government does not have to prove that he acted for private financial gain.  This is an element of the greater crime, but not the lesser crime.

If your verdict on that is guilty of Harboring an Alien, you are finished.  But if your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of the lesser crime of aiding and abetting the Harboring of an Alien.  In considering this charge, you are to follow the general aiding and abetting instructions provided under Jury Instruction No. 23.

Of course, if the government has not proved beyond a reasonable doubt that the defendant committed Harboring Alien or Alien Harboring for Financial Gain, your verdict must be not guilty of all of the charges associated with Count Four.

AUTHORITIES

8 U.S.C. §§ 1324(a)(1)(A)(v)(iii), 1324(a)(1)(A)(v)(II)

Fifth Circuit Pattern Jury Instructions No. 1.33 (2015) (Lesser Included Offense)

*United States v. Williams*, 449 F.3d 635, 646-48 (5th Cir. 2006).

<u>JURY INSTRUCTION NO. 28: COUNT FIVE: FALSE STATEMENTS</u>

VIOLATION OF 18 U.S.C. § 1001(a)(2)

Count Five of the Indictment charges defendant Mohamed Toure with False Statements in violation of Title 18, United States Code, Section 1001.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First:*      That the defendant made a false statement to the Diplomatic Security Service regarding a matter within its jurisdiction;

*Second:*      That the defendant made the statement intentionally, knowing that it was false;

*Third:*      That the statement was material;

*Fourth:*      That the defendant made the false statement for the purpose of misleading the Diplomatic Security Service.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Diplomatic Security Service.[22]  It is not necessary to show that the Diplomatic Security Service was in fact misled.[23]

---

[22] *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (defining a "material statement" in the context of 18 U.S.C. § 1001, making false statements of material fact to federal agencies or agents, as a statement that has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision-making body to which it was addressed") (quoting *Kungys v. United States*, 485 U.S. 759, 770-71 (1988)); *see also United States v. Najera Jimenez*, 593 F.3d 391, 399 (5th Cir. 2010) (applying *Gaudin* and upholding a §1001 conviction).

[23] Fifth Circuit Criminal Pattern Jury Instructions Nos. 2.45 (2015) (False Statements to Federal Agencies and Agents); Jury Instructions at 21, *United States v. Nnaji*, No.4:09-CR-172-A (N.D. Tex. Feb. 2, 2010) (Dkt No. 84); *United States v. Puente*, 982 F.2d 156, 159 (5th Cir. 1993) (holding that a statement may be material "even if it is ignored or never read by the agency receiving the misstatement") (quoting *United States v. Swain*, 757 F.2d 1530, 1534 (5th Cir. 1985)).

[Defense objects to the use of "statements," plural, at all places in this instruction.]

AUTHORITIES

18 U.S.C. § 1001(a)(2).

Fifth Circuit Criminal Pattern Jury Instructions Nos. 2.45 (2015) (False Statements to Federal Agencies and Agents).

*Kungys v. United States*, 485 U.S. 759, 770-71 (1988).

*United States v. Gaudin*, 515 U.S. 506, 509 (1995).

*United States v. Puente*, 982 F.2d 156, 158 (5th Cir. 1993).

*United States v. Najera Jimenez*, 593 F.3d 391, 399 (5th Cir. 2010).

*United States v. Swain*, 757 F.2d 1530, 1534 (5th Cir. 1985).

## JURY INSTRUCTION NO. 29: DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request.  Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

AUTHORITIES

Fifth Circuit Criminal Pattern Jury Instructions No. 1.24 (2015) (Duty to Deliberate).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.   4:18-CR-230-O |
| DENISE CROS-TOURE (01) MOHAMED TOURE (02) | |

## VERDICT OF THE JURY

### Count One: Conspiracy to Commit Forced Labor

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count One of the Indictment, for the conspiracy to commit forced labor in violation of 18 U.S.C. § 1594(b) and 1589.

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count One of the Indictment, conspiracy to commit forced labor in violation of 18 U.S.C. § 1594(b) and 1589.

### Count Two: Forced Labor

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count Two of the Indictment, forced labor, in violation of 18 U.S.C. § 1594(b) and 1589.

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Two of the Indictment, forced labor, in violation of 18 U.S.C. § 1594(b) and 1589.

## **Count Three: Conspiracy to Harbor an Alien for Financial Gain**

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count Three of the Indictment, for conspiracy to harbor an alien for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v) and 1324(a)(1)(B)(i).

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Three of the Indictment, for conspiracy to harbor an alien for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v) and 1324(a)(1)(B)(i).

## **Count Four: Harboring an Alien for Financial Gain**

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count Four of the Indictment, for harboring an alien for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Four of the Indictment, for harboring an alien for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and and 1324(a)(1)(B)(i).

*(Count Four:  Harboring an Alien for Financial Gain:  If __GUILTY__ skip to Count Five. If __NOT GUILTY__, continue to the question below.)*

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count Four of the Indictment, for harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

**Verdict – Page 2**

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Four of the Indictment, for harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

***(Count Four:  Harboring an Alien for Financial Gain:  If <u>GUILTY</u> skip to Count Five. If <u>NOT GUILTY</u>, continue to the question below.)***

We, the Jury, find Defendant, DENISE CROS-TOURE _____ of the offense charged in Count Four of the Indictment, for aiding and abetting the harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II).

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Four of the Indictment, for aiding and abetting the harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II).

## Count Five: False Statements to a Federal Agent

We, the Jury, find Defendant, MOHAMED TOURE _____ of the offense charged in Count Five of the Indictment, for false statements to a federal agent, in violation of 18 U.S.C. § 1001(a)(2).


_____
FOREPERSON

**Verdict – Page 3**